UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KIM VASQUEZ,

                Plaintiff,

-against-

NEW YORK STATE TROOPER POLICE
OFFICERS SHAMEED YADALI, JOSEPH
MERLA, SGT. KEVIN TROMBLEY, JOHN
DOE(S)

                Defendants.

16-CV-895 (NSR)

OPINION AND ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Kim Vasquez ("Plaintiff"), commenced the instant action on or about February 4, 2016, asserting claims sounding in violations of 42 USC § 1983 against Rockland County. (ECF No. 2.) The initial complaint was dismissed without prejudice to file an amended complaint. (ECF No. 5.) On or about March 29, 2017, Plaintiff filed a Second amended complaint wherein she asserted 42 USC § 1983 claims against several New York State Troopers. (ECF No. 21.) In her Second amended complaint, Plaintiff asserts claims arising from an incident which occurred on or about April 15, 2015, in Rockland County, when she was allegedly pulled over and stopped by New York State Troopers while operating her vehicle on the Palisades Parkway. The named defendants in the appeared by counsel in this action on or about November 16, 2018 (Notice of Appearance, ECF No. 48) and are represented by the New York State Attorney General's Office.

Now before the Court is Plaintiff's motion, pursuant to but 28 USC 2254, writ of habeas, seeking a court order that Plaintiff be released from the custody of the New York State Office of Mental Health ("Mental Health Office"). Habeas review is an extraordinary remedy. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (*citing Reed v. Parley*, 512 U.S. 339, 354 (1994)). To be

1

granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), 28 U.S.C. § 2254. Under AEDPA, a state prisoner must exhaust all state remedies before a federal court may consider his or her petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971). Exhaustion is required because, in the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 190–91 (2d Cir.1982).

The Court notes that Plaintiff has not alleged or indicated that she has exhausted all administrative remedies. Plaintiff, however, states that his "Royal status and foreign relations excuses [and] also pardons the Plaintiff Emperor from such cruel inhumane treatment." Additionally, the Court notes that the Mental Health Office is not a named defendant in the action, and has not been served with either a copy of the complaint or motion.

Based on the foregoing, the Court must deny Plaintiff's motion without prejudice. A review of the moving papers and all the pleadings, indicates Plaintiff has failed to exhaust all administrative remedies. Moreover, the party against whom Plaintiff seeks relief from, the Mental Health Office, is neither a party to the action, has not be joined as aparty and has yet to be served. Plaintiff's failure to name as a defendant and to serve the Mental Health Office warrants dismissal for lack of personal jurisdiction. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012)

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34, to mail a copy of this Opinion to Plaintiff, and show proof of service on the docket.

Dated: November 30, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge