UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                     Plaintiff,

-against-

SHAMEED YADALI, et al.,

                     Defendants.

ORDER DENYING REQUEST FOR PRO BONO COUNSEL

16-CV-00895 (PMH)

PHILIP M. HALPERN, United States District Judge:

      The Court is in receipt of *pro se* Plaintiff's Application for Relief and Pro Bono Counsel (Doc. 87). For the following reasons, Plaintiff's application for *pro bono* counsel is denied without prejudice to renew at a later date.

      Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York,* 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin,* 114 F.3d 390,392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, and then, if this threshold is met, to consider the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper,* 877 F.2d at 172; *accord Hendricks,* 114 F.3d at 392 (quoting *Hodge,* 802 F.2d at 61-62). "Even where the

claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge,* 802 F.2d at 60-61.

In his application, Plaintiff explains that he seeks assistance in locating witnesses, general discovery, preparing for trial, and settlement negotiations. However, this action is still in its early stages; Defendants have filed their answer and discovery has not yet begun. At this stage in the proceedings, the Court cannot determine whether Plaintiff's position seems likely to be of substance or whether there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is unable also to determine whether Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application must be DENIED without prejudice to renew it at a later stage in the proceedings.

For the foregoing reasons, Plaintiff's request for appointment of *pro bono* counsel is denied.[1] Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] The Records Management Department will provide Plaintiff with an estimate as to the cost for receiving copies from the Court.

Counsel for Defendants is instructed to serve a copy of this Order to Plaintiff. The Clerk is instructed to terminate the application (Doc. 87).

SO ORDERED.

Dated: New York, New York
August 5, 2020

_____
Philip M. Halpern
United States District Judge