UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

-against-

SHAMEED YADALI, et al.,

                Defendants.

**ORDER**

16-CV-00895 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Kim Vasquez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action for violation of his constitutional rights under 42 U.S.C. § 1983 against three known and two unknown ("John Doe") New York State Troopers. Plaintiff filed his Complaint on February 4, 2016 (Doc. 2), his Amended Complaint on November 22, 2016 (Doc. 10), his Second Amended Complaint on March 29, 2017 (Doc. 21), and his Third Amended Complaint ("TAC")—the operative complaint—on January 8, 2019 (Doc. 56, "TAC"). On March 5, 2020, Judge Nelson S. Román issued an Opinion & Order granting in part and denying in part a motion to dismiss the TAC. (Doc. 75, "Op. & Ord."). As a result of Judge Román's thoughtful and well-reasoned analysis, only Plaintiff's § 1983 claim against New York State Troopers Shameed Yadali and Joseph Merla (collectively, "Defendants") for false arrest survived dismissal.[1] (*Id.* at 24). This case was transferred to me approximately one month later, on April 3, 2020.

      The Court held an initial pretrial conference by telephone on September 24, 2020; both Defendants' counsel and Plaintiff appeared. (*See* Sept. 24, 2020 Min. Entry). The Court entered a Civil Case Discovery Plan and Scheduling Order later that same day. (Doc. 93). That scheduling

---

[1] Judge Román advised explicitly that the Opinion & Order did "not address the sufficiency of any claims asserted against the John Doe defendants . . . ." (Op. & Ord. at 1 n.1, 24).

order advised that "[a]mended pleadings may not be filed . . . except with leave of the Court," and that "[a]ny motion to amend" the pleadings had to be filed on or before October 8, 2020. (*Id.* ¶ 3). On October 6, 2020, Plaintiff made a timely request for leave to file what would be his Fourth Amended Complaint. (Doc. 97, "App.").[2] On October 26, 2020, Defendants filed their opposition to Plaintiff's application. (Doc. 102).

For the reasons set forth below, Plaintiff's application for leave to amend the TAC and file a Fourth Amended Complaint is DENIED.

## ANALYSIS

Where, as here, the application to amend is made outside the time for Plaintiff to do so as a matter of course, he "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In such a scenario, "[t]he court should freely give leave when justice so requires." *Id*. On this point, the Second Circuit has instructed that "a *pro se* plaintiff 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). "However, '[w]here it appears that granting leave to amend is unlikely to be productive,'" it need not be permitted. *Mallek v. Allstate Indem. Co.*, No. 17-CV-5949, 2018 WL 3629596, at *2 (E.D.N.Y. July 31, 2018) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (alteration in original)). Accordingly, "[l]eave to amend, though liberally granted, may properly be denied for 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Tapia v. Huaquechula Rest. Corp.*, No. 18-CV-10771, 2020 WL 3893314, at *2 (S.D.N.Y.

---

[2] For convenience, references to Plaintiff's submission correspond to the pagination generated by ECF.

2

July 10, 2020) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Deciding such a motion falls within the discretion of the Court. *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .").

Plaintiff's argument is two-fold. First, Plaintiff seeks "leave of the court to supplement his pleading by including being wrongfully accused in violation of his Fourth Amendment right pursuant to the United States Constitution." (App. at 3). Second, Plaintiff insists that the TAC contained additional claims that were not mentioned by the March 5, 2020 Opinion & Order and have, therefore, proceeded into discovery. (*Id*. at 2-3). Specifically, Plaintiff argues that his claims for "excessive bail, falsifying records (documents), wrongful (unlawful) imprisonment (confinement), and wrongfully accused" were neither opposed nor dismissed and are "included" in the action.[3] (*Id*. at 3). Plaintiff acknowledges that Judge Román's decision "solely left this plaintiff's claim of false arrest after the defendant's motion to dismiss." (*Id*. 2).

Insofar as Plaintiff seeks leave to file a Fourth Amended Complaint, the request is denied for at least two separate reasons. As a preliminary issue, the proposed filing would be Plaintiff's *fifth* attempt to cure pleading deficiencies in almost as many years. The repeated failure to cure any deficiencies, alone, is a reason sufficient to deny Plaintiff's request. *See, e.g.*, *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15-16 (2d Cir. 2018) ("Because [the plaintiff], when provided an opportunity, did not cure the deficiencies in this claim, the district court was not required to give her another opportunity to cure deficiencies she had already failed to correct."); *Dyson v. New York Health Care, Inc.*, 353 F. App'x 502, 503-04 (2d Cir. 2009) (affirming the

---

[3] The Court notes that Plaintiff seeks both to add a claim that he was "wrongfully accused in violation of his Fourth Amendment right" and recognition that the TAC included a claim for being "wrongfully accused." (*See* App. at 2-3).

3

district court's *sua sponte* dismissal where it "afforded [the plaintiff] three opportunities to file an amended complaint . . . and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief"); *Liang v. Home Reno Concepts LLC*, No. 17-CV-3503, 2018 WL 1401801, at *1 (E.D.N.Y. Mar. 19, 2018) (granting leave to file a third amended complaint but warning that the plaintiff would "not be permitted to file another amended complaint, having already filed several complaints and multiple motions to amend, and had an opportunity to review Defendants' arguments in their motion on the pleadings").

Moreover, Plaintiff offers no explanation regarding the content of the proposed amendments, does not provide a copy of the proposed Fourth Amended Complaint, and does not explain how the amendments would not be futile (*i.e.*, would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). (*See generally* App.). Without any information as to the substance of the proposed amendments, the Court cannot evaluate the propriety of those contemplated modifications. This is a second independent reason to deny the request. *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) (noting that the plaintiff "made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend"); *Odom v. Syracuse City Sch. Dist.*, No. 19-CV-835, 2020 WL 1689879, at *9 (N.D.N.Y. Apr. 7, 2020) ("A party's failure to explain how re-pleading would cure defects can be grounds for denying a motion to amend."); *Tyk v. Surat*, No. 13-CV-1532, 2015 WL 13214925, at *1 (E.D.N.Y. July 23, 2015) ("First of all . . . plaintiff has failed to provide a proposed Fourth Amended Complaint. That is reason enough to deny the motion." (collecting cases)); *Reed v. Hales*, No. 05-CV-6497, 2006 WL 3207661, at *1 (W.D.N.Y. Nov. 3, 2006) (denying the plaintiff's request to file an amended complaint because the application was conclusory and

offered no explanation as to how "the underlying facts or circumstances relied upon in seeking leave to amend are a proper subject of relief").

Separately, insofar as Plaintiff argues that four claims in the TAC were not addressed by Judge Román—to the extent such claims are cognizable—the Court rejects that argument.[4] Three of the four "claims" are facts which Judge Román considered part and parcel of Plaintiff's surviving false arrest claim. As to "excessive bail," Judge Román noted that Plaintiff claimed that he was released from the Rockland County Correctional Facility "because the bail set was deemed excessive." (Op. & Ord. at 3).[5] As to "falsifying records," Judge Román observed that Plaintiff alleged that Defendants "falsified records to procure Plaintiff's arrest" and tried "to make it appear as [if there was] probable cause" to make the arrest. (*Id*. at 3, 13 (alterations in original); *see also id*. at 3 n.2 ("Plaintiff was also issued an appearance ticket for criminal possession of a controlled substance in the seventh degree. Plaintiff maintains this was a false accusation created by the officers.")). Finally, as to being "wrongfully accused," Judge Román concluded that the TAC "plausibly disputes whether Yadali and Merla had probable cause to arrest [Plaintiff] by alleging instances of false representations and accusations, while there is nothing on the face of the TAC that supports an inference that probable cause existed." (*Id*. at 13; *see also id*. at 2, 17 (noting

---

[4] To the extent Plaintiff's application may be construed as a motion for reconsideration, it would be denied as untimely. *See* Local Civil Rule 6.3 (requiring that motions for reconsideration be filed within fourteen days); *see also Benson-Staebler v. City of New York*, No. 17-CV-4519, 2020 WL 3256289, at *3 n.1 (E.D.N.Y. June 16, 2020) (recognizing that untimeliness under Local Civil Rule 6.3 was "an independent basis" to deny plaintiff's motion for reconsideration).

[5] On this point, Plaintiff does not identify the individual or entity against whom his "excessive bail" claim was or would be pressed. (*See generally* App.). Upon review of the TAC, Plaintiff alleged that he "was ordered remanded in jail without bail by the Orangetown Court." (TAC ¶ 17; *see also id*. ¶ 20). Even if the Court were to assume that Plaintiff had named as a defendant the town justice of the Town of Orangetown Justice Court who set bail, Plaintiff does not explain how such a claim would overcome the associated question of judicial immunity. *See, e.g.*, *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 712 (S.D.N.Y. 2011) ("Ordinarily, it is judges who set bail, and judges enjoy absolute immunity when they do so." (quoting *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997)).

Plaintiff's allegations that Defendants were "desperate to accuse" Plaintiff of "something.")). Upon review, all of these allegations speak to aspects of Plaintiff's false arrest claim (*i.e.*, Defendants' intent to confine Plaintiff and the absence of Plaintiff's consent to confinement).

As to Plaintiff's fourth "claim," which he described as "wrongful (unlawful) imprisonment (confinement)" (App. at 3), his false arrest claim is the same as one for false imprisonment. "In analyzing a claim for false arrest under § 1983, federal courts look to the law of the state in which the arrest occurred," *Cooper v. City of New York*, No. 17-CV-1517, 2019 WL 3642996, at *5 (E.D.N.Y. Aug. 5, 2019) (internal quotation marks omitted), and "New York draws no distinction between false arrest and false imprisonment." *Aghoghoubia v. Noel*, No. 17-CV-1927, 2020 WL 2489727, at *3 n.4 (E.D.N.Y. May 13, 2020) (citing *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)); *see also Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (explaining that, under New York law, claims for false arrest and false imprisonment are "identical"); *Cintron v. Shield*, No. 18-CV-1619, 2019 WL 4194429, at *2 n.2 (S.D.N.Y. Sept. 3, 2019) (same).

## CONCLUSION

Based upon the foregoing, Plaintiff's application to file a Fourth Amended Complaint is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: New York, New York
       October 30, 2020

_____
PHILIP M. HALPERN
United States District Judge