> As there is an appeal in this matter pending before the Second Circuit, this Court will not issue an Order in this matter until after a Mandate issues from the Court of Appeals.
>
> The application is, therefore, denied without prejudice to renew after a Mandate is issued. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 148 and to mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>       May 20, 2021

[Letterhead: STATE OF NEW YORK, ATTORNEY GENERAL, DIVISION OF STATE COUNSEL, LITIGATION BUREAU, (...) 416-8373]

May 19, 2021

**By ECF**
Honorable Philip M. Halpern
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

      Re:    <u>Vasquez v. Yadali et al.,</u> 16 Civ 895 (PMH)

Dear Judge Halpern:

      This Office represents New York State Trooper Police Officers Shameed Yadali and Joseph Merla in the above-captions case.

      By way of procedural background, Plaintiff filed an interlocutory notice of appeal on February 24, 2021, in which he indicated that he was appealing from two interlocutory orders of this Court denying his applications to have this case reassigned to another District Judge. Then in opposition to several motions filed by Plaintiff in that appeal (2d Cir. Docket Number 21-452), Defendants have filed letters there (*see* 2d Cir. ECF Nos. 28, 39, 58) stating that the Second Circuit lacks appellate jurisdiction because the challenged orders are not appealable on an interlocutory basis, instead they can be reviewed on appeal from a final judgment in the action.[1]

      While we believe Plaintiff's appeal and appellate motions to be meritless, there is at least a live issue as to whether the Second Circuit currently has jurisdiction of this case until it rules on the motions or dismisses the appeal. We thus respectfully request that this Court's discovery

---

[1] Plaintiff's most recent motion (2d Cir. ECF No. 51) in the appeal seeks in addition to vacate this Court's orders denying Plaintiff's motions for appointment of pro bono counsel and for leave to file a fourth amended complaint—matters that are not encompassed in his notice of appeal and over which the Second Circuit would also lack appellate jurisdiction because those orders, too, are interlocutory in nature.

deadlines be stayed until the Second Circuit rules on Plaintiff's appeal. Moreover, after conferring with pro se Plaintiff on May 18, 2021, Plaintiff has conveyed that he wishes for a stay of the above-referenced matter until the Second Circuit rules on his appeal.

We thank the Court for its time and consideration.

Respectfully submitted,

 /s/ *Gee Won Cha*
Gee Won Cha
Assistant Attorney General
Geewon.Cha@ag.ny.gov

cc: **By U.S. Mail**
Kim Vasquez
DIN 21A0325
Downstate Correctional Facility
P.O. Box F
Red Schoolhouse Road
Fishkill, NY 12524