UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                Plaintiff,

-against-

SHAMEED YADALI, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

16-CV-00895 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Kim Vasquez ("Plaintiff") brings this action under 42 U.S.C. § 1983 in connection with a traffic stop that took place on April 15, 2015. (*See* Doc. 56, "TAC"). The Third Amended Complaint, the operative pleading, seeks relief for "false arrest, unlawful imprisonment, due process, malicious prosecution, illegal search, illegal seizure, unconstitutional conditions [of] confinement, drug test by needle (non-consent), excessive bail, deliberate indifference to medical needs (health requirements), failure to protect, denial of equal protection (handcuffed for several hours), [and] falsifying evidence." (*Id.* at 12).[1] These claims for relief were pressed against one or more of the following individuals: (1) New York State Trooper Shameed Yadali ("Yadali"); (2) New York State Trooper Joseph Merla ("Merla"); (3) New York State Police Sergeant Kevin Trombley ("Trombley"); and (4) unknown John Does ("Does"). (*See id.* at 2-3).

      Yadali, Merla, and Trombley moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) on July 1, 2019. (*See* Doc. 69; Doc. 70; Doc. 71; Doc. 72; Doc. 73). Judge Román—before whom this matter proceeded prior to its transfer to this Court—granted that

---

[1] Citations to the Third Amended Complaint correspond to the pagination generated by ECF.

motion in part on March 5, 2020. (Doc. 75, "Prior Op.").[2] Specifically, Judge Román: (1) dismissed all claims against Yadali and Merla except false arrest; (2) dismissed all claims against Trombley; and (3) expressed no opinion on the viability of claims against the Does. (*See generally id.*). Discovery in this matter closed on December 6, 2021. (*See* Doc. 156; Doc. 158).

The Court held a telephonic Case Management Conference on December 8, 2021. (Doc. 158). Counsel for Yadali and Merla ("Defendants") and Plaintiff, proceeding *pro se*, appeared. (*Id.*). The parties confirmed at that conference that discovery was complete and that they all intended to move for summary judgment. (*Id.*). Based upon the discussion held on the record, the Court construed a letter received from Plaintiff on October 25, 2021 as his motion for summary judgment. (*Id.*; *see also* Doc. 157 ("Pl. Br.")). The Court directed that the remaining papers be filed as follows: (1) Defendants' opposition to Plaintiff's motion for summary judgment, as well as their own motion for summary judgment, would be served and filed by January 14, 2022; (2) Plaintiff's reply in further support of his motion, as well as his opposition to Defendants' motion, would be served and filed by February 25, 2022; and (3) Defendants' reply in further support of their motion would be served and filed by March 11, 2022. (Doc. 158).[3]

Defendants filed their papers, in accordance with the above-outlined schedule, on January 14, 2022. (Doc. 159; Doc. 160, "Cha Decl."; Doc. 161, "Merla Decl."; Doc. 162, "Yadali Decl."; Doc. 163; Doc. 164, "56.1 Stmt."; Doc. 165). The Court received Plaintiff's opposition to Defendants' motion for summary judgment on January 31, 2022. (Doc. 166, "Pl. Opp."). Approximately three weeks later, on February 18, 2022, the Court received from Plaintiff a notice

---

[2] Judge Román's prior decision is available on commercial databases. *See Vasquez v. Yadali*, No. 16-CV-00895, 2020 WL 1082786 (S.D.N.Y. Mar. 5, 2020). For ease of reference, however, any citations herein to that decision correspond to the version filed on the docket.

[3] The Court rarely permits dueling motions for summary judgment. However, in deference to Plaintiff's *pro se* status, the Court allowed the parties to engage in such practice here.

of motion and memorandum of law in support of his motion for summary judgment. (Doc. 167; Doc. 168, "Pl. Supp.").[4] The motions were briefed fully with the filing of Defendants' reply memorandum of law on March 10, 2022. (Doc. 170).

For the reasons set forth below, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.[5]

## BACKGROUND

The undisputed material facts stem from the pleadings, Defendants' 56.1 Statement of Material Facts, the Declarations of Gee Won Cha, Merla, and Yadali, and Plaintiff's submissions.[6]

Plaintiff, at approximately 8:30 p.m. on April 15, 2015, drove a gray Volkswagen Passat ("Passat") southbound on the Palisades Parkway—a four-lane highway (two lanes in either direction)—in Orangetown, New York. (56.1 Stmt. ¶ 1; *see also* Cha Decl. Ex. A at 86:15-20; Merla Decl. ¶ 4; Yadali Decl. ¶ 6). Defendants observed the Passat while also traveling southbound in their marked New York State Police vehicle. (Merla Decl. ¶¶ 4-5; Yadali Decl. ¶¶ 6-7). Defendants observed that the Passat: (1) crossed the broken middle line and failed to maintain its

---

[4] The Court construes the February 18, 2022 filings as a supplement in further support of Plaintiff's October 25, 2021 motion for summary judgment.

[5] There is no indication that the Does have been identified or served. Any claims against these unknown actors are, accordingly, dismissed without prejudice for failure to prosecute. *See Vanderwoude v. City of New York*, No. 12-CV-09046, 2014 WL 2592457, at *8 (S.D.N.Y. June 10, 2014); *Delrosario v. City of New York*, No. 07-CV-02027, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010) (Sullivan, J.).

[6] Plaintiff did not, as required by Local Civil Rule 56.1, respond to Defendants' 56.1 Statement of Material Facts. "While *pro se* litigants are . . . not excused from meeting the requirements of Local Rule 56.1 . . . where a *pro se* plaintiff fails to submit a proper Rule 56.1 Statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." *Casanova v. Maldonado*, No. 17-CV-01466, 2021 WL 3621686, at *2 n.4 (S.D.N.Y. Aug. 16, 2021) (quoting *Wiggins v. Griffin*, No. 18-CV-07559, 2021 WL 706720, at *1 n.1 (S.D.N.Y. Feb. 22, 2021) (alterations in original)). Accordingly, the Court, in its discretion, construes Plaintiff's filings as opposition to Defendants' 56.1 Statement of Material Facts. *See Mirza v. Garnet Health*, No. 20-CV-00556, 2022 WL 826410, at *2 n.6 (S.D.N.Y. Mar. 17, 2022); *Brooks v. Westchester Cty. Jail*, No. 19-CV-10901, 2021 WL 3292229, at *1 n.4 (S.D.N.Y. Aug. 2, 2021).

lane; (2) had a cracked windshield; (3) had an unlatched hood; (4) had an excessively loud exhaust; and (5) was traveling over the speed limit. (56.1 Stmt. ¶¶ 4-6; *see also* Merla Decl. ¶¶ 6-7, 10; Yadali Decl. ¶¶ 8-10). Defendants, given these observations, effectuated a traffic stop. (56.1 Stmt. ¶ 7; *see also* Merla Decl. ¶¶ 8-9; Yadali Decl. ¶¶ 11-12).

Defendants approached the Passat and, after its windows were rolled down, smelled marijuana coming from inside the vehicle. (56.1 Stmt. ¶ 7; *see also* Merla Decl. ¶ 10; Yadali Decl. ¶ 13). Plaintiff exited the Passat at Defendants' request. (56.1 Stmt. ¶ 8; Merla Decl. ¶ 11; Yadali Decl. ¶ 14). Plaintiff appeared to be unsteady and disoriented, his speech was slurred, and his eyes were glassy. (56.1 Stmt. ¶ 9; Merla Decl. ¶ 12; Yadali Decl. ¶ 15). Plaintiff advised Defendants that he smoked marijuana daily and that he had last smoked the day prior (i.e., April 14, 2015). (56.1 Stmt. ¶ 11; Merla Decl. ¶ 13; Yadali Decl. ¶ 16). Indeed, Plaintiff admitted that he smoked marijuana in his car every night before going to sleep. (56.1 Stmt. ¶ 12; *see also* Cha Decl. Ex. A at 113:18-115:8, 119:8-121:17; Merla Decl. ¶ 13; Yadali Decl. ¶ 16). Plaintiff was unable to complete the field sobriety tests administered. (56.1 Stmt. ¶ 13; *see also* Cha Decl. Ex. A at 111:19-112:6; Merla Decl. ¶¶ 14-15; Yadali Decl. ¶¶ 17, 19-22, 24, 26-27, 29-30). Plaintiff was arrested and arraigned on N.Y. Veh. & Traf. Law §§ 375(22) (an infraction), 375(31) (an infraction), 1180(d) (an infraction), 1128(c) (an infraction), 1128(d) (an infraction), and 1192(4) (a felony). (56.1 Stmt. ¶¶ 16-17; *see also* Cha Decl. Ex. B).

This litigation followed.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the

4

outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts . . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804

5

F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (explaining that summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant dismissing the complaint is proper").

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)

6

(explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment" (internal quotation marks omitted)); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

## ANALYSIS

"A false arrest claim under Section 1983 'incorporates the elements of the state law where the arrest took place'—here, New York." *Johnson v. City of New York*, No. 18-CV-06256, 2020 WL 2732068, at *3 (S.D.N.Y. May 26, 2020) (quoting *Youngblood v. City of New York*, No. 15-CV-03541, 2019 WL 6216498, at *5 (S.D.N.Y. Nov. 21, 2019)). Accordingly, a claim for false arrest under 42 U.S.C. § 1983 requires a plaintiff to establish "that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks omitted). "[P]robable cause is an absolute defense to a false arrest claim." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (quoting *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 139 (2d Cir. 2010) (alteration in original)); *see also Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) ("Probable cause is a complete defense to . . . false arrest . . . ." (internal quotation marks omitted)); *Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011); *Hall v. Salaway*, No. 20-CV-04651, 2021 WL 826169, at *3 (E.D.N.Y. Mar. 3, 2021).

"Probable cause to arrest . . . exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Wierzbic v. Howard*, 836 F. App'x 31, 34-35 (2d Cir. 2020) (internal quotation marks

7

omitted). This standard is an objective one and evaluates "the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). This standard requires that a court consider "the totality of the circumstances and . . . be aware that probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks omitted). As the existence of probable cause is an objective question, the arresting officer's subjective belief as to its existence is immaterial. Moreover, "[t]he arresting officer need not have had probable cause to arrest the plaintiff for the specific offense invoked by the officer at the time of the arrest, or the offense with which the plaintiff was charged." *Tompkins v. City of New York*, 50 F. Supp. 3d 426, 433 (S.D.N.Y. 2014). Probable cause to arrest for any crime will suffice. *Coleman v. City of New York*, No. 03-CV-04921, 2009 WL 705539, at *3 (E.D.N.Y. Mar. 16, 2009); *see also Butler v. Brito*, No. 15-CV-09718, 2017 WL 2116687, at *3 (S.D.N.Y. May 15, 2017).

Judge Román expressed skepticism about the viability of this claim at the motion to dismiss stage. In fact, Judge Román remarked that Plaintiff's allegations were "thin, at best" and that the "merits . . . appear[ed] suspect." (Prior Op. at 13). Now, with the benefit of discovery and a fully developed factual record, it is clear that Judge Román's reservations were well-founded.

Defendants smelled marijuana coming from the Passat. (56.1 Stmt. ¶ 7; *see also* Merla Decl. ¶ 10; Yadali Decl. ¶ 13). Plaintiff admitted that he smoked marijuana in the Passat every night. (56.1 Stmt. ¶¶ 11-12; *see also* Cha Decl. Ex. A at 113:18-115:8, 119:8-121:17; Merla Decl. ¶ 13; Yadali Decl. ¶ 16). Defendants observed that Plaintiff was unsteady and disoriented, that his speech was slurred, and that his eyes were glassy. (56.1 Stmt. ¶ 9; Merla Decl. ¶ 12; Yadali Decl. ¶ 15). These observations were compounded by the fact that Plaintiff could not complete the

battery of field sobriety tests administered. (56.1 Stmt. ¶ 13; *see also* Cha Decl. Ex. A at 111:19-112:6; Merla Decl. ¶¶ 14-15; Yadali Decl. ¶¶ 17. 19-22, 24, 26-27, 29-30). These undisputed facts would warrant a person of reasonable caution in the belief that Plaintiff was operating the Passat under the influence of marijuana, in violation of New York State law. N.Y. Veh. & Traf. Law § 1192(4) ("No person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter."); N.Y. Veh. & Traf. Law § 114-a ("The term 'drug' when used in this chapter, means and includes . . . cannabis . . . as defined in section 222.00 of the penal law."); N.Y. Penal Law § 222.00; *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." (internal quotation marks omitted)).[7]

Aside from insisting that Defendants had no probable cause to arrest, Plaintiff's only argument against Defendants' motion for summary judgment (and in support of his own) is that—focusing on the charge of operating a vehicle under the influence of marijuana—it was "unlawful" for him to be "accuse[d] . . . of . . . a felony . . . upon the filing of a simplified information." (Pl. Br. at 2; *see also* Pl. Opp. at 4; Pl. Supp. at 5). This argument is unavailing for two reasons. First and foremost, the specific form of the charging instrument is a red herring. Whether an arresting officer filed the proper charging instrument under state law has no bearing on the existence of probable cause to effectuate an arrest. *See Warr v. Liberatore*, 853 F. App'x 694, 697 (2d Cir. 2021) (explaining that probable cause concerns "the facts an arresting officer knew at the time of

---

[7] Plaintiff listed malicious prosecution among his claims for relief. (TAC at 12). To the extent such a claim for relief exists, because Plaintiff identifies no intervening fact between his arrest and the filing of the accusatory instrument vitiating probable cause, that claim for relief would likewise be dismissed. *See Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *10-11 (S.D.N.Y. Dec. 18, 2020).

arrest"). Second, notwithstanding Plaintiff's argument, the record reveals that Yadali filed a felony complaint. (Yadali Decl. ¶ 41; Yadali Decl. Ex. F (felony complaint)).[8]

In short, probable cause is a complete defense to false arrest and probable cause existed on April 15, 2015. Defendants' motion for summary judgment is, therefore, granted. Plaintiff's motion for summary judgment is, correspondingly, denied.

## CONCLUSION

In light of the foregoing, Defendants' motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, and the claims against the Does are dismissed without prejudice *sua sponte*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that any appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[8] Even if Defendants did not have probable cause to believe Plaintiff was driving while impaired by marijuana, the arrest would still be privileged because they had probable cause to believe Plaintiff committed a number of other traffic infractions. *See* N.Y. Veh. & Traf. Law §§ 375(22) ("It shall be unlawful to operate a motor vehicle upon the public highways . . . with any glass which is so broken, fractured or discolored as to distort visibility."), 375(31)(a) ("Every motor vehicle, operated or driven upon the highways of this state, shall at all times be equipped with an adequate muffler and exhaust system . . . to prevent any excessive . . . noise . . . ."); 1128(c) ("When official traffic control devices direct slow-moving traffic . . . to use a designated lane . . . drivers of vehicles shall obey the directions . . . .") 1128(d) ("When official markings are in place indicating those portions of any roadway where crossing such markings would be especially hazardous, no driver . . . shall at any time drive across such markings."). Defendants may, under New York State law, arrest individuals for committing traffic infractions. N.Y. Veh. & Traf. Law § 155 ("For purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an *offense*." (emphasis added)); N.Y. Crim. Proc. Law § 140.05 ("A person who has committed or is believed to have committed an *offense* and who is at liberty within the state may, under circumstances prescribed in this article, be arrested for such *offense* although no warrant of arrest therefor has been issued . . . ." (emphasis added)); *see also Yun v. City of New York*, No. 19-CV-09267, 2019 WL 6918515, at *3 (S.D.N.Y. Dec. 19, 2019).

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 159 and Doc. 167, mail a copy of this Memorandum Opinion and Order to Plaintiff, and close this case.[9]

**SO ORDERED:**

Dated:  White Plains, New York
        May 19, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[9] Given the conclusion regarding probable cause, the Court need not and does not address the parties' arguments concerning qualified immunity.